

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00315-CR

**ALBERT BUTLER BURNS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 12424-A

## MEMORANDUM  OPINION

Albert Burns was convicted of the state jail offense of theft of property under $1,500 with two prior theft convictions, which was then enhanced to a second degree felony due to two enhancement allegations.  TEX. PEN. CODE ANN. § 31.03(e)(4)(D) (West Supp. 2011).  Burns was sentenced to 15 years in prison and a $10,000 fine.  Burns complains that the evidence was insufficient for the jury to have found that he appropriated property.  Because we find that the evidence was sufficient, we affirm the judgment of the trial court.

*Sufficiency of the Evidence*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the

credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

*The Facts*

An individual wearing baggy pants and a gray hoodie sweatshirt with the number "17" on the front was observed attempting to leave a Family Dollar store carrying a box he did not have when he entered the store. This individual was later identified as Burns. Burns told the store manager and another employee that the box was empty. When asked to return to the checkout counter, four large bottles of laundry detergent were located inside the box. Burns stated that he did not have enough money to pay for the detergent and left to go home to get some more money.

After Burns departed, the employee informed the manager that Burns also had merchandise in his pants. The manager went outside to ask Burns to return the merchandise in his pants but Burns continued walking away, although in an unusual manner described by the manager as "kind of weird," "a waddle," and "awkward." The manager called 9-1-1 as she watched Burns walk away and she saw Burns throw some things out of his pants. This incident occurred after dark but the manager testified that there was adequate lighting from the Family Dollar parking lot and a business across the street for her to observe Burns throw something away from his pants while walking down the side of a road fairly close to the store. The manager observed the police detain Burns a short distance up that road.

Burns was detained by the police because he matched the description of the suspect. An officer walked along that road and discovered three bottles of laundry detergent on the side of the road. The officer believed Burns could have hidden the bottles in the groin area of his pants because they were baggy. The bottles of laundry detergent found were consistent with those sold at Family Dollar and appeared to be new. Burns was returned to the store and the manager identified him as the person she saw throw away the items from his pants in the approximate area where the laundry detergent was found. Burns was wearing a gray hoodie sweatshirt with the number "17" on it when he was detained, and matched the individual shown on the security video from the store. However, Burns denied ever being in the Family Dollar store that evening even after he was told he was seen on the security video.

*Analysis*

Burns argues that the evidence was insufficient because he was not seen placing laundry detergent in his pants and the store's security video does not show him hiding anything in his pants. The security video is comprised of still images taken each second and the images are fuzzy in quality. It is not clear from the video whether Burns has items in his pants or not because the angle is not good. Burns' pants do appear to be fairly baggy from the video from the store and the in-car videos depicting Burns' arrest from the officers' cars and his sweatshirt was baggy as well. The jury, as factfinders, were able to observe the demeanor of the manager of the store and the officers who

testified as well as the videos from the store and the officers' vehicles and could reasonably have believed the events as described by the manager. The fact that bottles of laundry detergent of a type sold by Family Dollar that looked new were located in the approximate location where the manager stated that Burns threw them away creates a strong inference that Burns appropriated the bottles.

Burns denied ever being in the store that evening even though the store security video shows the contrary when he attempted to leave the store with other laundry detergent. A factfinder can consider a defendant's untruthful statement as affirmative evidence of guilt. *See Gear v. State*, 340 S.W.3d 743, 747 (Tex. Crim. App. 2011) (rational fact finder can consider a defendant's untruthful statements, in connection with the other circumstances of the case, as affirmative evidence of the defendant's guilt); *Padilla v. State*, 326 S.W.3d 195, 201 (Tex. Crim. App. 2010) (same).

Viewing the evidence in a light most favorable to the prosecution and affording the required deference to the jury as factfinders, we find that the evidence was sufficient for the jury to have found that Burns appropriated the bottles of laundry detergent. We overrule Burns' sole issue.

*Conclusion*

Having found the evidence sufficient, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed August 9, 2012
Do not publish
[CR25]